**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS &<br>REHABILITATION; WARDEN<br>JOHN MARSHAL, CALIFORNIA<br>MEN'S COLONY,<br><br>   Defendants.<br>_____ | No. C 09-0700 MMC (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR LEAVE TO SUBMIT NEW EVIDENCE**<br><br>**(Docket No. 29)** |

On February 27, 2008, plaintiff, a California prisoner then incarcerated at the California Men's Colony ("CMC") in San Luis Obispo, California, and proceeding pro se, filed in this court a civil rights action pursuant to 42 U.S.C. § 1983. See Bone v. California Department of Corrections & Rehabilitation, C 08-1156 MMC (PR). On review of the complaint, the Court determined plaintiff was attempting to challenge his impending transfer to an out-of-state prison. As plaintiff claimed the Director of the California Department of Corrections & Rehabilitation ("CDCR") in Sacramento had prevailing authority with respect to where plaintiff would be transferred, and had in the past ordered plaintiff transferred from one institution to another, the Court, by order filed August 27, 2008, ordered the action transferred to the United States District Court for the Eastern District of California. See 28 U.S.C. § 84(b).

Thereafter, by order filed September 11, 2008, the case was transferred from the

Eastern District to the United States District Court for the Central District of California, based on plaintiff's allegations that he was not receiving adequate dental care at CMC, which is located within the venue of the Central District of California. See 28 U.S.C. § 84(c). Subsequently, on December 16, 2008, plaintiff, who by then had been transferred to a correctional institution in Tutwiler, Mississippi, filed a first amended complaint ("FAC"), in which he objected to his transfer and also claimed that in 2007 he had been denied timely dental care while incarcerated at the Correctional Training Facility ("CTF") at Soledad. (Docket No. 22.)

On review of the FAC, a district judge of the Central District, by order filed February 5, 2009, dismissed plaintiff's involuntary transfer claim, finding such allegations fail to state a federal claim for relief. Additionally, that court found plaintiff's claim alleging inadequate dental care at CTF was not properly brought in the Central District, for the reason that such claim arose in Monterey County, which is located within the venue of the Northern District of California. See 28 U.S.C. § 84(a). Accordingly, plaintiff's case was transferred back to this district, where the above-titled civil rights action was opened on February 19, 2009.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In the FAC, plaintiff alleges that in 2007, when he was incarcerated at CTF, he was

denied emergency dental care for an abscessed tooth.[1]  While plaintiff objects to the adequacy of the dental care he received at CTF in 2007, he expressly states in the FAC that he is not seeking monetary damages.  (FAC, Statement of Claims at 2.)  Rather, his only request is for injunctive relief in the form of root canal treatment.  (FAC, Civil Rights Complaint Form at 6; Statement of Claims at 5.)

Plaintiff's claim for injunctive relief is subject to dismissal as moot.  A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted due to subsequent developments.  See Flast v. Cohen, 392 U.S. 83, 95 (1968).  Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).  A claim for injunctive relief should be dismissed as moot when an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions for which he seeks injunctive relief.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

Here, plaintiff was last incarcerated at CTF in 2007.  He currently is incarcerated at the Tallahatchie County Correctional Facility in Mississippi.  Consequently, as the sole relief sought is injunctive in nature, and he no longer is incarcerated at CTF or any other prison within this Court's jurisdiction, the complaint will be dismissed as moot.  Additionally, plaintiff's "Motion to Submit New Evidence," in which he complains of alleged unlawful conduct by prison officials at the Tallahatchie County Correctional Facility, will be denied.  Any federal constitutional claims plaintiff seeks to bring against prison officials at the Tallahatchie County Correctional Facility must be filed in the United States District Court for the Northern District of Mississippi.  See 28 U.S.C. § 104(a).

---

[1] Plaintiff made the same allegations in another federal civil rights action, which action was dismissed on January 2, 2008 due to plaintiff's failure to exhaust administrative remedies.  See Bone v. California Department of Corrections and Rehabilitation, C 07-3314 MMC (PR).

3

**CONCLUSION**

For the foregoing reasons, the complaint is hereby DISMISSED with prejudice as moot, and plaintiff's "Motion to Submit New Evidence" is hereby DENIED.

This order terminates Docket No. 29.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 15, 2009

_____
MAXINE M. CHESNEY
United States District Judge